IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH ROMAN | : | CIVIL ACTION |
| *Petitioner-pro se* | : | |
| | : | NO. 15-0430 |
| v. | : | |
| | : | |
| MICHAEL OVERMYER, *et al.*[1] | : | |
| *Respondents* | : | |

# ORDER

AND NOW, this 26th day of June 2018, upon consideration of the pleadings and record herein, including, *inter alia*, the *pro se* petition for writ of *habeas corpus* filed by Petitioner Ralph Roman ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], Petitioner's Memorandum of Law in Support thereof, [ECF 16]; the response to the petition filed by Respondents, [ECF 27]; Petitioner's reply (the "Reply"), [ECF 32]; the state court record; the *Report and Recommendation* (the "R&R") issued on October 31, 2016, by the Honorable Elizabeth T. Hey, United States Magistrate Judge ("the Magistrate Judge"), [ECF 36], recommending that the Petition be denied; and Petitioner's *pro se* objections to the R&R, [ECF 44], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[2]

---

[1] At the time Petitioner filed his *habeas corpus* petition, he named, among others, John Wetzel, Secretary of the Pennsylvania Department of Corrections, as one of the Respondents. [*See* ECF 1]. Michael Overmyer has since been named Superintendent of the State Correctional Institution-Forest and, therefore, Mr. Overmyer has been substituted as Respondent.

[2] In his *habeas corpus* petition, Petitioner raised seven claims; *to wit*: three claims of trial court error in violation of due process, an insufficiency of the evidence claim, and three claims of ineffective assistance of counsel. In his objections to the R&R, Petitioner disagrees with the Magistrate Judge's findings and reiterates his ineffectiveness of counsel claims and arguments in support. Petitioner's objections, however, are nothing more than an attempt to re-litigate the various arguments raised in his Petition, Memorandum of Law in Support thereof, and Reply. Indeed, with respect to the bulk of Petitioner's *habeas* claims asserted in the Petition, Petitioner's objections merely reference and adopt the arguments asserted in his Petition, Memorandum of Law in Support, and Reply. [*See* ECF 44 at ¶¶7-9]. With respect to "Ground Five" of his Petition (the

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[3]

The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

ineffectiveness of counsel claims), Petitioner merely argues that the Magistrate Judge "understates the immense complexities of this claim." [*Id.* at ¶10]. This Court disagrees and finds that the Magistrate Judge thoroughly reviewed each of these arguments in the thirty-page R&R and correctly concluded that Petitioner's claims were either procedurally defaulted or without merit. This Court has further reviewed the pertinent portions of the record *de novo* and finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.

[3] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.